## SEIDENBACH v. ROBERTS et ux.

No. 23444.   April 23, 1935.

Application to Modify Opinion Denied May 21, 1935.

C. B. Stuart, Gerald B. Klein, W. Clif Klein, E. J. Doerner, and B. A. Hamilton, for plaintiff in error.

Chas. A. Holden and G. C. McDonald, for defendants in error.

PER CURIAM. The plaintiff in error sued defendants in error, A. L. Roberts and wife, for the sum of $393.56 for merchandise sold to them by Hale's Inc., a corporation, upon an account purchased by plaintiff from the receiver of the company's assets at sale in bankruptcy. A. L. Roberts pleaded payment in the sum of $378.50, and tendered $15.06, the alleged balance due. The answer of Mrs. Roberts was a general denial.

A. L. Roberts owned a majority of the capital stock of the corporation and was its secretary-treasurer and general manager, and in charge of its books and records. which were kept either by him or under his supervision. At the time of incorporation Roberts paid for the company the organization expenses in the sum of $378.50, for which he took stock of the corporation, which was shown in due course on the company's books. The books in this condition were used by Roberts, as an officer of the corporation, to establish the credit of the corporation. About a month before adjudication in bankruptcy Roberts credited his account in the said sum of $378.50, making the books show a balance due to the company in the sum of $15.06. The receiver, acting on the theory that this item had not been paid, changed the ledger sheet of the Roberts account to show a balance due in the sum of $393.56, for which sum the suit was brought.

In an effort to prove payment of this $378.50, Roberts testified, over proper objections of the plaintiff, that this entry of credit was made to reimburse him for said expenses of incorporation, for which expenses he had received stock of the company. In defendants' brief it is stated: "The sole question involved here is whether A. L. Roberts, being secretary and a stockholder of the Hale's Store, Inc., had the authority to apply said $378.50 upon his account." Plaintiff invokes the doctrine of estoppel.

Plaintiff in error demurred to the evidence upon the part of the defendants, which demurrer was overruled. When all the evidence was in, plaintiff in error moved for a directed verdict, which motion was by the court denied. The verdict of the jury and judgment were for the defendants in error. Plaintiff in error saved his exceptions, and challenges the validity of the above-described transaction upon the part of Roberts. This challenge presents the only question for decision.

Roberts is estopped from denying his ownership of the stock in question. He had no authority to enter the purported credit. The receiver very properly corrected the account and made it state the truth. The objections to the admission of evidence in support of the alleged payment should have been sustained. There was no issue

for the jury to determine. The secretary-treasurer of a corporation, who has kept the books of the corporation and caused the same to show that he was the owner of a certain part of its capital stock, and who subsequently as an officer of the corporation has procured credit for the corporation by exhibiting the books, is estopped, as against a purchaser of assets of the corporation at a receiver's sale in bankruptcy, from denying his ownership of stock as shown by the books. The principle here invoked is often applied. It is grounded in good morals. See 14 C. J. par. 920, and authorities there cited.

The judgment is reversed and the cause remanded, with directions to grant a new trial.

The Supreme Court acknowledges the aid of Attorneys Joseph C. Stone and W. K. Zachry in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Stone and approved by Mr. Zachry, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, WELCH, CORN, and GIBSON, JJ., concur.